IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| KORLEY B. SEARS, | ) | CASE NO. BK10-40277 |
| | ) | |
| Debtor(s). | ) | CHAPTER 11 |

## ORDER

This matter is before the court on a motion for summary judgment by claimants Rhett R. Sears, Rhett R. Sears Revocable Trust, Ronald H. Sears, Ronald H. Sears Trust, and Dane Sears (Fil. No. 358) and resistance by the debtor (Fil. No. 378). Jerrold L. Strasheim appeared for the debtor, and Donald L. Swanson, Brian J. Koenig, and Kristin M.V. Krueger appeared for the movants.

The motion is granted.

The claimants in this case, who are members of the debtor's family, sold their interests in AFY, Inc., a company that operated a cattle feedyard, to the corporation and to Korley Sears in 2007 in exchange for promissory notes from Korley and a security interest in the shares. In 2010, AFY and Korley each filed for bankruptcy protection. The claimants filed proofs of claim for more than $5.3 million in AFY's bankruptcy case for the amounts owed to them for the sale of their stock. AFY's two shareholders, Korley and Robert Sears, objected to the claims, arguing that only Korley and not AFY was liable for the debt. After a hearing on affidavit evidence, the claim objections were overruled. The court found that the contract for the sale of the claimants' interest clearly and unambiguously showed that both AFY and Korley were the purchasers. The claimants' proof of claim was entitled to prima facie validity, and no evidence was presented to challenge either AFY's liability on the debt or the amount of the claims. There also was no evidence to support Robert and Korley's theory that the claimants had breached the contract, thereby excusing AFY's performance and liability. On appeal, the Bankruptcy Appellate Panel affirmed the decision of the bankruptcy court, holding that AFY was liable for the debt under the unambiguous terms of the stock sale contract, the amount of the debt was undisputed, and Robert and Korley's defenses were unavailing. *Sears v. Sears (In re AFY, Inc.)*, 463 B.R. 483 (B.A.P. 8th Cir. 2012). Robert and Korley then appealed to the Eighth Circuit, which dismissed the appeal without reaching the merits after finding that neither of them had standing to appeal because they held, at most, only a derivative interest and were not "persons aggrieved" as they would not be directly and adversely affected pecuniarily by the bankruptcy court's order. *Sears v. Sears (In re AFY, Inc.)*, 733 F.3d 791 (8th Cir. 2013). The rulings left intact the substance of the underlying bankruptcy court orders.

The claimants filed similar proofs of claim in Korley's bankruptcy case. Korley has objected to them on nine grounds:

- the contract and promissory notes on which the claims are based are not binding because there was no meeting of the minds or mutual assent;

- the claimants did not substantially perform the contract "by making good faith and honest efforts to live up to" their contractual obligations;

- the purpose of the contract wholly failed, so there was no consideration;

- Korley's liability was discharged by the doctrines of supervening frustration, supervening impossibility, and/or supervening impracticability;

- Korley's liability was discharged by the claimants' material breaches of express fiduciary duties under the contract, including the duty of loyalty;

- Korley's liability was discharged by the claimants' material breaches of their implied duties of good faith and fair dealing under the contract;

- Korley's liability was discharged because the claimants prevented his performance under the contract;

- the claimants aided and abetted one another in preventing Korley's performance of the contract; and

- the claims were improperly filed.

After a hearing on the objection, the court determined that the matter should be set for trial and ordered the parties to prepare a joint preliminary pretrial statement. Thereafter, the claimants filed this motion for summary judgment to allow their claims.

In opposition to the motion for summary judgment, Korley argues that he has meritorious defenses to the allowance of the claims that should not be precluded by the decision allowing the claims in the AFY case. In addition to asserting that he is not estopped from pursuing many of the same arguments from the AFY case in this case, he also takes the position that the stock sale agreement and promissory notes constitute a single executory contract which he has not rejected, so the claimants are not creditors, and the Bankruptcy Code permits him to pursue alleged post-petition breaches of contract as defenses to claims based on that contract.

First, Korley's objections to these claims do appear to be precluded by the decision in the AFY case.

> Res judicata prevents "the relitigation of a claim on grounds that were raised or could have been raised in the prior suit." *Banks v. Int'l Union Elec.*, 390 F.3d 1049, 1052 (8th Cir. 2004) (quoting *Lane v. Peterson*, 899 F.2d 737, 741 (8th Cir. 1990) (citation omitted)). Relitigation of a claim is barred under res judicata where "a final judgment was entered by a court of competent jurisdiction, if the same parties

> (or their privies) and the same cause of action are involved." *Ladd v. Ries (In re Ladd)*, 450 F.3d 751, 753 (8th Cir. 2006) (citation omitted). A claim is barred "if it arises out of the same nucleus of operative facts as the prior claim." *Banks*, 390 F.3d at 1052 (quoting *Lane*, 899 F.2d at 742 (citations omitted)). "[W]here a plaintiff fashions a new theory of recovery or cites a new body of law that was arguably violated by a defendant's conduct, res judicata will still bar the second claim if it is based on the same nucleus of operative facts as the prior claim." *Banks*, 390 F.3d at 1052–53 (quoting *Lane*, 899 F.2d at 744).

*Bryan v. Stanton (In re Bryan)*, 466 B.R. 460, 465 (B.A.P. 8th Cir. 2012).

Here, the bankruptcy court's order overruling the objection to claims in AFY was a final order. *See, e.g., In re Thomas*, 511 B.R. 89, 92 (B.A.P. 6th Cir. 2014) ("A bankruptcy court's order overruling debtor's objection to claim is a final order for purposes of appeal."). Contrary to the debtor's argument, the bankruptcy court had subject-matter jurisdiction over those objections because any party in interest may object to claims. § 502(a). Robert and Korley's lack of standing to appeal is entirely separate from their standing to file claims objections and did not deprive this court of the authority to rule on those objections.

Korley next argues that the defenses he raises to the claims in this case are distinct from the defenses he had to the claims in AFY's case, so that different causes of action are involved. The evidence before the court does not support that argument. Rather, Korley argued in the AFY case that he, and not AFY, was liable for the amounts due under the stock sale agreement. He now attempts to claim he did not understand the terms of the contract when he entered into it, so there was no meeting of the minds and the contract is not valid. In light of the position taken by Korley when he filed this bankruptcy case listing this debt in his schedules, when he filed a motion to modify his child support payments because he owed more than $5 million to these claimants, and when he argued that AFY was not liable on the debt, his arguments now are a little hard to swallow. As the *Bryan* court pointed out in the res judicata discussion cited above, old wine in new bottles – in the form of a new theory of recovery or a new body of law allegedly violated by the defendant – is not sufficient to clear the preclusion bar.

Even if res judicata does not preclude the debtor's arguments here, his objections nevertheless do not survive summary judgment.

The executory contract theory is an interesting, but ultimately unsuccessful, one. An executory contract is "'a contract under which the obligation of both the [debtor] and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other.'" *Kaler v. Craig (In re Craig)*, 144 F.3d 593, 596 (8th Cir. 1998) (quoting *Northwest Airlines, Inc. v. Klinger ( In re Knutson)*, 563 F.2d 916, 917 (8th Cir. 1977) (quoting V. Countryman, *Executory Contracts in Bankruptcy: Part I*, 57 Minn. L. Rev. 439, 460 (1973))).

In the stock sale agreement, the claimants agreed to sell their interests in AFY and related companies for cash and, depending on the arrangements with each seller, either the release of a guaranty or additional assets such as a vehicle, insurance coverage, and a head of beef for personal use. The claimants surrendered their shares of stock in exchange for promissory notes from Korley and AFY, Inc. The contract also provided for AFY's continued employment of two of the claimants. These terms do not establish an executory contract. The claimants fulfilled their bargain by giving up their interests in AFY. The only unperformed part of the contract is the payment of the amounts due. To the extent Korley asserts that the contract is executory because the employee claimants continue to owe a duty of loyalty, it appears that duty is owed only to AFY, not to Korley. Regardless, such a pending duty would not be enough to render the contract executory for life, which is the logical outcome of Korley's argument. For exemple, the contract provides that Dane Sears shall be a devoted, loyal AFY employee; this duty apparently lasts until his employment with the company ceases. There is no basis for using such a provision to hold a contract executory for that length of time. In this case, the claimants performed their substantive obligation of turning over their stock shares. The only unperformed obligation remaining is owed by the debtor. Therefore, the contract is not executory. There is even less of a basis for finding the promissory notes and accompanying security agreements to be executory. Again, the only performance still owed under those documents is Korley's obligation to pay.

By the same token, the debtor's reliance on § 558 is misplaced. That section provides that all of the defenses available to the debtor shall inure to the benefit of the bankruptcy estate. Korley uses this section to support his arguments concerning the post-petition contractual breaches he wants to pursue against the claimants. However, § 558 covers only the debtor's pre-petition defenses. *See State Bank of Florence v. Miller (In re Miller)*, 459 B.R. 657, 675 (B.A.P. 6th Cir. 2011) ("[Section 558] preserves to the Debtor defenses . . . he would have had prepetition."); *Beach v. Bank of America (In re Beach)*, 447 B.R.313, 323 (Bankr. D. Idaho 2011) ("[W]hile § 541(a)(1) effectively transfers a debtor's causes of action into the Bankruptcy estate, the debtor still has access to, and may assert, personal defenses.").

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal procedural rules as a whole, which are designed "to secure the just, speedy and

inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1); Fed. R. Bankr. P. 1001.

Korley states that he "honestly believed" when he filed his bankruptcy petition in February 2010 and when he moved in March 2010 to reduce the amount of child support he had been ordered to pay that he owed the amounts indicated in the promissory notes held by the claimants. He now engages in some creative obfuscation to try to avoid his liability for those debts, but he has raised no genuine issues of material fact as to that liability or the amounts owed. Summary judgment is hereby granted to the claimants.

IT IS ORDERED: The motion for summary judgment by claimants Rhett R. Sears, Rhett R. Sears Revocable Trust, Ronald H. Sears, Ronald H. Sears Trust, and Dane Sears (Fil. No. 358) is granted. Separate judgment will be entered.

DATED: August 29, 2014.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Jerrold L. Strasheim
    *Donald L. Swanson
    *Brian J. Koenig
    *Kristin M.V. Krueger
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.